UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON ASHLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>PHYSICIANS & DENTISTS CREDIT BUREAU, INC., d/b/a P&D Collection Services, et al.<br><br>    Defendants. | Case No. C10-996-JPD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES IN PART AND DENYING MOTION FOR EXTENSION OF TIME TO REOPEN CASE |

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Sharon Ashley moves the Court for an award of attorney's fees of $6,250 from defendants Physicians & Dentists Credit Bureau ("P&D"). Dkt. 18. Specifically, plaintiff contends that she is entitled to $6,250 in reasonable attorney's fees as the prevailing party under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, based upon defendants' acquisition of a default judgment against plaintiff without providing proper notice. Dkt. 1. Plaintiff has also filed a motion for extension of time to reopen the case. Dkt. 17. The Court, having received and reviewed all of the plaintiff's and defendants' submissions, and all attached declarations, hereby ORDERS that plaintiff's motion for attorney's fees, Dkt. 18, is GRANTED IN PART, and plaintiff's motion for extension of time to reopen the case, Dkt. 17, is DENIED as moot.

## II. JURISDICTION

The parties have consented to having this matter heard by the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. 12. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2). Plaintiff is a resident of Whatcom County, Washington. Defendants are a Washington debt collection corporation and its governing persons, and all of the alleged events occurred in the State of Washington. Dkt. 1.

## III. FACTS AND PROCEDURAL HISTORY

Plaintiff initiated the underlying 15 U.S.C. § 1692 civil action against defendants for engaging in abusive, deceptive and unfair practices in violation of the FDCPA on June 16, 2010. Dkt. 1. Specifically, plaintiff argues that defendants, who submitted plaintiff's unpaid medical bill into debt collection, wrongfully obtained a default judgment against plaintiff on June 12, 2009, without providing them proper notice. *Id*. at 5. Defendants filed an answer to plaintiff's complaint on August 20, 2010. Dkt. 5.

On June 10, 2011, plaintiff's counsel notified the Court that the parties had reached a settlement agreement. Dkt. 16. Because "it appears that no issue remains for the Court's determination, and to avoid incurring jury expenses the parties would be liable to repay under CR 39(d), the Court dismissed the claim with prejudice and without costs to either party on June 10, 2011. *Id*. Plaintiff filed a motion for extension of time to reopen the case on July 11, 2011 because plaintiff's counsel could not complete a motion for attorney's fees on time due to illness. Dkt. 17.

Three days later, on July 14, 2011, plaintiff filed the motion for attorney's fees. Dkt. 18. In support of the motion, plaintiff's counsel filed declarations by James Sturdevant, plaintiff's counsel, and William G. Knudsen, who appears to work with Mr. Sturdevant on a regular basis and consistently refers clients to him. Dkt. 19 (Sturdevant Decl.); Dkt. 19, Att. 1 (Knudsen Decl.). On July 25, 2011, defendants responded to plaintiff's motion by arguing that

the requested attorney's fees were excessive and would result in a gross windfall to plaintiff's counsel. Dkt. 20.

## IV. DISCUSSION

### A. Motion for Extension of Time to Reopen Case

As previously mentioned, plaintiff filed a motion for extension of time to reopen the case on July 11, 2011 because plaintiff's counsel was unable to file a motion for attorney's fees due to illness. Dkt. 17. Defendants did not file a response opposing the motion. On July 14, 2011, plaintiff filed a motion for attorney's fees as the prevailing party in the underlying 15 U.S.C. § 1692 action. Dkt. 18. Defendants filed a response objecting to plaintiff's motion for attorney's fees on July 25, 2011. Dkt. 20. Because this Court need not reopen the case to address plaintiff's motion, the Court DENIES as moot plaintiff's motion for extension of time to reopen the case.

### B. Plaintiff is Entitled to Reasonable Attorney's Fees

As mentioned above, plaintiff moves for an award of reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) because plaintiff was the prevailing party in the underlying 15 U.S.C. § 1692 action. Dkt. 18. Specifically, 15 U.S.C. § 1692k(a)(3) states as follows:

> Except as otherwise provided by this section, any debt collector who fails with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of…(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3). Thus, defendants are statutorily obligated to pay plaintiff reasonable attorney's fees pursuant to 15 U.S.C. § 1692.

B.  <u>Standard for Determining Plaintiff's Reasonable Attorney's Fees Award</u>

The amount of attorney's fees to be awarded is within the discretion of the district court. *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 221 (9th Cir. 1964). The Court considers its overall sense of the suit and uses reasonable estimates in determining attorney's fees. *See Fox v. Vice*, 131 S.Ct. 2205, 2210 (2011) ("the essential goal in shifting fees is to do rough justice, not to achieve auditing perfection.").

In calculating reasonable attorney's fees for a prevailing party, the Court also looks to the "lodestar method," which calculates the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar method also takes into account "the prevailing market rates in the relevant community," and "*roughly* approximates the fee that the prevailing party would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). As the Supreme Court noted, the lodestar method is both readily administrable and objective, and thus "cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Id*. *See also Burlington v. Dague*, 505 U.S. 557, 566 (1992); *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 609 (2001); *Hensley*, 461 U.S. at 433. The Court has the authority to make across-the-board percentage cuts, as well as the responsibility of "trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

C.  <u>Reasonableness of Plaintiff's Requested Attorney's Fees</u>

Plaintiff asserts that an award of $6,250 in attorney's fees is reasonable because the rate of $250 per hour as charged by Mr. Sturdevant is the prevailing market rate for this type of representation. Dkt. 18 at 5. In addition, plaintiff claims that Mr. Sturdevant expended 25 hours during the course of litigation, which is a reasonable amount of time spent on litigation.

*Id*. Mr. Knudsen testified in his declaration that the "hourly rate for attorneys in Bellingham, Washington with Mr. Sturdevant's level of experience and expertise ranges from $225 to $260 per hour." Dkt. 19, Att. 1 at 2 (Knudsen Decl.).

By contrast, defendants contend that plaintiff's counsel's requested attorney's fees amount is excessive, and would result in a gross windfall to plaintiff's counsel. Dkt. 20 at 2. Specifically, defendants argue that: (1) plaintiff's counsel failed to claim any basis for the reasonableness of his alleged hourly rate because his supporting declaration contains unsubstantiated analysis as to the prevailing market rate; (2) plaintiff's counsel is a regular filer of FDCPA claims, and thus his motions, briefs, reports, and discovery are neither unique to this case nor do they require extensive attorney time to complete; (3) plaintiff's counsel's fee declarations and time records do not distinguish between time spent as an attorney and clerical time; (4) plaintiff's counsel spent an inordinate amount of time preparing documents that were largely boilerplate and required only the changing of names and some select facts; and (5) plaintiff's counsel's time records show exaggerated, redundant, and duplicative time spent on matters related to the litigation in this case. Dkt. 20. Additionally, defendants claim that plaintiff's counsel was encouraged by the FDCPA statute to "jack-up their fees in order to maximize their own recovery." *Id*. at 14-15. Finally, defendants request that this Court impose sanctions on plaintiff's counsel pursuant to FRCP 11(b) because plaintiff's counsel's fee declaration is "outrageous for the quality and quantity of work required and performed." *Id*. at 7.

1.  *The Hourly Rate Charged by Plaintiff's Counsel*

As previously mentioned, reasonable rates are calculated according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895. The Supreme Court has articulated the following standard for determining the reasonableness of hourly rates:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the

> requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

*Id*. at 896, n.11.

Here, as described in plaintiff's supporting declaration, plaintiff's counsel has been admitted to practice law in the State of Washington since 1978, practices law primarily in Bellingham, Washington, and has filed 16 FDCPA actions in this district. Dkt 19 at 1 (Sturdevant Decl.). Plaintiff's supporting declaration also contains a declaration by Mr. Knudsen indicating that plaintiff's counsel's hourly rate ranges from $225 to $260, and that plaintiff's counsel's hourly rate as of February 2010 was $225, which was at a lower range of hourly rates for attorneys at his level and experience in Bellingham, Washington. Dkt. 19, Att. 1 at 2 (Knudsen Decl.).[1]

Plaintiff's counsel claims that he charged a $250 hourly rate in this case "because of the use of existing documents" from other related motions for attorney's fees in FDCPA actions filed at the same time in this district.[2] Dkt. 19 at 4 (Sturdevant Decl.). This $250 rate represents an increase from plaintiff's counsel's $225 hourly rate as charged in similar FDCPA claims on behalf of different defendants. Indeed, plaintiff's counsel charged a $225 hourly rate in at least one of those cases that both parties agree contained such similar legal and factual

---

[1] As plaintiff's counsel acknowledges, Mr. Knudsen's supporting declaration was originally filed in support of a motion for attorney's fees in a different case. Dkt. 19 at 1 (Sturdevant Decl.); Dkt. 19, Att. 1. (Knudsen Decl.).

[2] Including this case, there were three FDCPA actions filed in this Court against defendants by plaintiffs who were all represented by plaintiff's counsel. In all three cases, the plaintiffs moved for attorney's fees, and in one case, the Court awarded attorney's fees in an amount significantly reduced from plaintiffs' original request. *See* Case No. C10-78-BAT (W.D. Wash. 2011). It appears that both parties have filed the same documents in all three cases with only slight modifications.

ORDER
PAGE - 6

bases that many of the reports, motions, and briefs as used in that case were used in this case with only slight modifications. *See* Case No. C10-78-BAT (W.D. Wash. 2011). *See also* Dkt. 19 at 3-5 (Sturdevant Decl.); Dkt. 20 at 11-13.

Mr. Sturdevant testified in his declaration that his fee has recently increased from $225 to $250. Dkt. 19 at 1 (Sturdevant Decl.). However, Mr. Sturdevant has not provided any supporting evidence or justification for the increase of his hourly rate for the Court to consider with respect to this motion. Additionally, because plaintiff's counsel conceded that he was able to spend "considerably less" time on this case due to the use of only slightly modified, pre-existing documents from other cases, plaintiff's counsel's increased $250 hourly rate in this case is unreasonable. Dkt. 19 at 4 (Sturdevant Decl.). Accordingly, based on plaintiff's motion and supporting declaration, the Court finds that an hourly rate of $225 is reasonable in this case. As a result, plaintiff's counsel's attorney's fees award shall be calculated as the product of this $225 hourly rate multiplied by the reasonable number of hours plaintiff's counsel expended on litigation in this matter.

### 2. *The Hours Spent by Plaintiff's Counsel*

Plaintiff's counsel "bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may reduce the hours where documentation is inadequate, if the case was overstaffed and hours are duplicative, or if the hours expended are deemed excessive or otherwise unnecessary. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

Although plaintiff's counsel claims that he expended 25 hours during the course of this litigation, plaintiff submits three time records indicating different amounts of time spent working on plaintiff's case. Dkt. 19, Att. 3 (Sturdevant Decl.). Plaintiff's counsel's first time record appears to contain time that is not included in plaintiff's counsel's other time records, and shows a total of 0.6 hours spent "discussing lawsuit [and] retainer," and conferencing with

1  plaintiff. *Id*., Att. 3 at 1 (Sturdevant Decl.). The second time record, which appears to be a

2  billing statement sent directly to plaintiff, shows a total of 20.10 hours. *Id*., Att. 3 at 5

3  (Sturdevant Decl.). Finally, the third time record shows a total of 20 hours, and appears to

4  omit from the second time record 0.10 hours spent calling the plaintiff to discuss her physical

5  condition and reschedule a meeting. *Id*., Att. 3 at 2, 6 (Sturdevant Decl.). Based on these time

6  records, the Court finds that plaintiff's counsel's first and third time records together appear to

7  accurately depict the work completed by plaintiff's counsel. Accordingly, the Court combines

8  the two above-mentioned time records and arrives at an initial total of 20.6 hours.

9        Defendants contend that plaintiff's counsel spent an unreasonable total of 6.0 hours

10  completing the complaint because "it is virtually identical to that drafted and filed by counsel

11  in the Walker case (for which counsel has already been compensated)." Dkt. 20 at 12.

12  Plaintiff's counsel's time entries referring to the complaint describe the time as spent (1)

13  "reviewing and revising [the] complaint for factual accuracy," (2) making sure that "the

14  allegations on both the FDCPA, WCAA and WCPA claims pass," (3) completing legal

15  research "on elements on WCPA claim," and (4) revising the complaint. Dkt. 19, Att. 3 at 6

16  (Sturdevant Decl.). However, as defendants argue, the Court notes the complaint in this case

17  and the complaint filed in Case No. C10-1060-JPD (W.D. Wash. 2011) are remarkably similar.

18  Thus, the Court shall deduct 3.0 hours from the total amount of hours spent on the complaint.

19        Additionally, defendants argue that plaintiff's counsel spent an unreasonable 4.8 hours

20  "drafting the Initial CR 26 Disclosures." Dkt. 20 at 13. However, plaintiff's time entries

21  referring to CR 26 disclosures sufficiently describe the work completed, and include time spent

22  on other work related to this case. Specifically, plaintiff's counsel's time entries reflect (1) a

23  conference with plaintiff on CR 26 disclosures, (2) legal research of expert testimony issues for

24  CR 26 disclosure, and (3) review of the documents associated with the CR 26 disclosures.

25  Dkt. 19, Att. 3 at 7 (Sturdevant Decl.). Moreover, plaintiff's counsel's time entries for work

26  completed on the CR 26 disclosures include time spent working on a joint status report and

1  calling plaintiff about medical personnel. *Id*. Accordingly, the Court will not deduct any time
2  with respect to work completed by plaintiff's counsel on the CR 26 disclosures.

3      Finally, defendants fail to specify for the Court what portions of time spent on the
4  current motion for attorney's fees by plaintiff's counsel are unreasonable. Dkt. 20 at 13.
5  Indeed, plaintiff only requests attorney's fees for 0.6 hours of work, which is an amount of
6  time that appears to reflect the similarities between the instant motion and previous motions
7  filed in similar cases. Dkt. 19, Att. 3 at 8 (Sturdevant Decl.).

8      Accordingly, the Court multiplies the $225 hourly rate as determined above by the 17.6
9  hours for work completed in this case, arriving at a total of $3,960 in attorney's fees. This
10 amount is consistent with the above-mentioned lodestar method, and is a reasonable amount
11 based on prevailing market rates and the amount of work completed in this case.

## V. CONCLUSION

13     For all of the foregoing reasons, the Court hereby ORDERS as follows:

14     (1) Plaintiff's motion for attorney's fees, Dkt. 18, is GRANTED IN PART.

15     (2) Attorney's fees are awarded in favor of plaintiff and against defendants in the
16 amount of $3,960.

17     (3) Plaintiff's motion for extension of time to reopen the case, Dkt. 17, is DENIED
18 as moot.

19     (4) The Clerk of the Court is directed to send a copy of this Order to counsel for
20 both parties.

21     DATED this <u>16th</u> day of August, 2011.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge